FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ MAY 3 0 2006 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

EDWARD ROMERO,

                Plaintiff,           **REPORT AND RECOMMENDATION**
                                                   **04 CV 5053 (JFB)(LB)**

-against-

UNITED STATES POSTAL SERVICE c/o
NATIONAL PASSPORT CENTER,

                Defendant.
-------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

Plaintiff has not contacted the Court since filing his complaint in this matter on November 19, 2004. Plaintiff alleges, in essence, that he applied for a passport but did not receive one because the person processing his application believed him to be Mexican. The Court issued two orders, on September 9, 2005 and December 12, 2005, directing plaintiff to provide certain information so that the United States Attorney could ascertain the status of plaintiff's passport application. The Court's December 12, 2005 order warned plaintiff that I would recommend that his case should be dismissed if he failed to provide the information as directed. Plaintiff did not provide the information as ordered. Accordingly, it is respectfully recommended that plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with the Court's orders.

## BACKGROUND

Plaintiff filed this *pro se* action on November 11, 2004, alleging that he applied for a United States passport at the local post office on September 7, 2004, but that a postal employee, Mr. Theodore, "looked straight into [his] eyes and with a ridicule plain face told me 'you look too Mexican to be a U.S.

citizen'" and told plaintiff that he must provide at least four forms of identification. Plaintiff states that he submitted his application at that time but received a letter on October 4, 2004 requesting additional documentation and informing him that his "right for a passport" would be denied if he failed to provide the additional information. Plaintiff says that he returned the letter together with copies of documents including his social security card, hospital records, school transcripts and a voter registration card, but, despite writing four letters inquiring about the status application, he has never again been contacted. Plaintiff seeks unspecified money damages and other relief.

On December 7, 2006 the Court issued an order requesting the United States Attorney's Office to contact the Department of State to ascertain the status of plaintiff's passport application, and to inform the Court and plaintiff of that status by December 31, 2004. By letter dated January 3, 2005,[1] the Assistant United States Attorney ("AUSA") informed the Court and plaintiff that more information was required to enable the State Department's Office of Planning and Passport Services to determine the status of plaintiff's application, including plaintiff's date and place of birth, social security number and current address. The AUSA sent a copy of the January 3, 2005 to plaintiff at the address plaintiff provided when he filed his complaint. On October 4, 2005, seeing no response by plaintiff, the Court issued an order directing plaintiff to provide the requested information to the AUSA by October 21, 2005, and requesting the AUSA to report on the status of plaintiff's application by November 21, 2005.

On December 7, 2005[2] the AUSA wrote to report that plaintiff had failed to contact her office as ordered. On December 12, 2005, the Court again ordered plaintiff to provide the requested

---

[1] The AUSA's letter explained that she did not respond by December 31, 2004 because the Court's order was delayed in reaching her office.

[2] The AUSA again explained that the Court's order was not timely received by her office.

2

information by January 6, 2006, and expressly warned that I would recommend that his case should be dismissed if he refused to do so. On February 6, 2006, the AUSA wrote to inform the Court that plaintiff had again failed to comply with the Court's order to produce the necessary information, and requested the Court to recommend dismissal of this action.

## DISCUSSION

Rule 41(b) provides that a defendant may move for dismissal of an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of the court." Fed. R. Civ. P. 41(b). "Although the text of [Rule] 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte*...." LeSane v. Hall's Security Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (Citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962).)

The district court considers five factors in dismissing an action pursuant to Rule 41(b): (1) the duration of the plaintiff's failures; (2) whether the plaintiff received notice that such failures would result in dismissal; (3) whether further delay is likely to prejudice defendant; (4) the balance between alleviating the court's calendar congestion and protecting a party's right to due process and an opportunity to be heard; and (5) the efficacy of lesser sanctions. Shannon v. Gen. Elec. Co., 186 F.3d 186, 193-94 (2d Cir. 1999). "Generally, no one factor is dispositive." Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001). While district courts need not review the factors on the record, "simple fairness suggest[s] that a *pro se* litigant should receive an explanation before his or her suit is thrown out of court." Feurtado v. City of New York, 225 F.R.D. 474, 478 (S.D.N.Y. 2004) (quoting Lucas v.

Miles, 84 F.3d 532, 535 (2d Cir. 1996).)

In considering the first factor, duration, courts ask two questions: whether the failures were plaintiff's, and whether they were of significant duration. Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001). Here, plaintiff has taken no action to prosecute his case since filing his complaint on November 19, 2004, more than eighteen months ago. Plaintiff was advised by the AUSA that additional information was required before the status of his passport application could be determined, and was twice ordered by the Court to provide that information, to no avail. Dismissal for failure to prosecute is appropriate in cases like this one, where "inaction and lethargy became the rule." Shannon v. General Electric Company, 183 F.3d 186, 194 (2d Cir. 1999) (quoting Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 39 (2d Cir. 1982).) "The primary rationale underlying a dismissal under 41(b) is the failure of the plaintiff in his duty to process his case diligently." Lyell Theatre Corp., 682 F.2d at 43. Plaintiff has failed in that duty for a significant and unreasonable duration here.

Plaintiff's absolute failure to comply with the Court's orders–or to respond to the Court or defendant in any way–weighs in favor of dismissal. Plaintiff was also expressly warned that his case would be dismissed if he failed to comply with the Court's orders. See order dated December 12, 2005. See also Lukensow v. Harley Cars of New York, 124 F.R.D. 64, 66 (S.D.N.Y. 1989) (noting that while courts consider whether the party received proper notice of dismissal as a factor under Rule 41(b), there is no requirement that such notice be given.)

The Court may presume prejudice to the defendant from plaintiff's "unreasonable delay." Lyell Theatre Corp., 682 F.2d at 43. Plaintiff has done nothing to move this case along, thus failing in the "duty to due diligence," which is "imposed because of the strong policy favoring prompt disposition

of cases." Id. (citations omitted.) "The operative condition of Rule 41(b) is a lack of due diligence on the part of the plaintiff–not a showing by the defendant that it will be prejudiced by denial of its motion." Europacific Asset Management Corp., 2005 WL 3182528 at *9 (internal quotation marks and ellipses omitted) (citing Messenger v. United States, 231 F.2d 328, 331 (2d Cir. 1956).)

The balance between the Court's calendar obligations and plaintiff's right to be heard strikes in favor of dismissing this action. Plaintiff has done nothing to further the progress of this case since it was filed more than eighteen months ago. As it stands, the Court is faced with a Hobson's choice: either allow this case to linger in its current dormant state, or hope that plaintiff will respond in the future. Neither option presents an efficient use of the Court's resources. See id. Dismissal is thus the better course.

Finally, there is no lesser appropriate sanction than a dismissal without prejudice. These proceedings have not progressed beyond the initial pleading stage since November 2004. There is no point in subjecting defendant to the cost and delay that additional lesser sanctions would likely produce. A dismissal without prejudice allows the Court to dispose of this case, which plaintiff has seemingly abandoned, while allowing plaintiff the opportunity to re-file the suit should he choose to do so in the future.

The Court is aware that a Rule 41(b) "dismissal is a harsh remedy and is appropriate only in extreme situations." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). Courts should also be "especially hesitant" to dismiss for procedural deficiencies when the plaintiff is proceeding *pro se*. Id. However, given both plaintiff's failure to prosecute this case and his failure to comply with the Court's orders, dismissal without prejudice is warranted here.

## CONCLUSION

For the reasons stated herein, it is respectfully recommended that this case should be dismissed without prejudice pursuant to Rule 41(b)

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

LOIS BLOOM
United States Magistrate Judge

Dated: May 30, 2006
Brooklyn, New York